UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

------------------------------------------------------------------------x

BRUCE KORSMEYER

          Plaintiff,

Case No: 3:15-cv-3697

**COMPLAINT AND DEMAND FOR A TRIAL BY JURY**

    -against-

PROCOLLECT, INC.

          Defendant.

------------------------------------------------------------------------x

Plaintiff Bruce Korsmeyer ("Plaintiff") by and through his attorneys, the Margolies Law Office, as and for his Complaint against Defendant Procollect, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Texas, residing in the County of Johnson.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 12170 Abrams Rd., Ste. 100, Dallas, TX 75243.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around December 30, 2014, Defendant sent a collection letter to Plaintiff, seeking collection of the Alleged Debt.

10. The heading of the letter read, in bold, all-caps print, "RECEIVE 25% DISCOUNT & DELETION FROM CREDIT REPORT." The letter went on to offer a to settle the Alleged Debt at a reduced rate, and delete the account from Plaintiff's credit report, if the payment would be received by a specific date.

11. Below the offer, the letter sated "Do not delay.  Credit information is now being accessed for employment and apartment qualifying."

12. The letter also charges a $7.50 collection fee, over and above the discounted principal balance.

13. The $7.50 collection fee was not expressly authorized by the agreement creating the Alleged Debt, nor is it otherwise permitted by law.

14. Shortly after receiving the letter, Plaintiff examined his credit report, and found that Defendant had not reported the Alleged Debt on his credit report in the first place.

15. Upon information and belief, Defendant could not possibly know if prospective employees or landlords were accessing Plaintiff's credit information.

16. In addition to attempting to collect an unauthorized fee, the letter is deceptive and misleading, in that it offers to delete a credit account that had not been placed on Plaintiff's credit report at that time, and indicates that prospective employers and landlords were accessing Plaintiff's credit information at that time, when Defendant could not possibly know if that was true.

17. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

20. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

21. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

   a)   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

   b)   For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

   d)   A declaration that the Defendant's practices violated the FDCPA; and

   e)   For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  November 12, 2015

Respectfully submitted,

MARGOLIES LAW OFFICE

By: s/ Andrew Margolies
Andrew Margolies, Esq.
TX Attorney I.D. #24074650
7920 Belt Line Road, #650
Dallas, TX 75254
Tel: (972) 244-3559
Fax: (866) 489-1720
andrew@dallastaxattorney.com
*Attorneys for Plaintiff*